CARPENTER *et al. v.* NORRIS *et al.*

AN erroneous ruling by the Court, in excluding certain testimony, is not ground for a new trial, where, from the mode of submission to the jury and their finding, it is evident that the testimony offered could have had no influence upon the verdict.

APPEAL from the Sixteenth Judicial District.

This action is brought by plaintiffs to recover damages in the sum of $1,200 against defendants, for an alleged diversion by them of the waters of a certain stream in Calaveras county, called Cayote creek; and also to procure a perpetual injunction against any further diversion of the waters of said stream by defendants hereafter.

Plaintiffs claim priority of right to the use of said waters by virtue of a ditch, owned and possessed by them, leading from the stream, by which the waters were appropriated in 1852.

The answer sets up two separate defenses; first, a prior appropriation of the natural waters of the stream by defendants and those under whom they claim, by virtue of the construction of certain other ditches leading therefrom; and second, that the waters which they are charged in the complaint with diverting were not the natural waters flowing in Cayote creek, but waters brought into the channel of that creek from other streams, and which they had the right to divert independent of the question of priority.

The case was tried by a jury; and after the evidence was closed, the Court gave them the following instructions:

"I will submit to you certain issues raised by the pleadings and evidence, and you are directed to present written findings thereon; 1st, which of the parties litigant was first in point of time in the appropriation of the waters of Cayote creek; 2d, if you find that plaintiffs or their grantors, or parties under whom they hold, first appropriated the water, you will then inquire and determine whether there were any natural waters running in the creek at the point where the dispute arose during the time of the alleged trespass; 3d, if you find that there were natural waters running in the creek, and find the first issue in favor of plaintiffs, you will find a general verdict in favor of plaintiffs, whatever the quantity may have been;

on the other hand, if you find the first issue in favor of defendants, you will find a general verdict in their favor ; or, if you find that there were no natural waters running in the stream, you will find for defendants, specifying by your verdict the reason therefor ; 4th, if you find that a portion of the waters running in the creek were natural and a portion foreign waters, your verdict will specify the quantity of each." The Judge also gave some general instructions as to the principles of law governing the question of priority.

On the trial, the defendants, to maintain their defense, introduced evidence to show that the water, diverted or used by defendants, was obtained by them from the ditch of one Hall, for which the defendants paid said Hall. The plaintiffs then offered to show, on cross-examination of defendants' witness, that Hall's ditch was supplied by the natural waters of Cayote creek, to use which was the object of the construction of plaintiffs' ditch ; that Hall's ditch simply diverted the waters of the creek temporarily from the natural channel, and that after being so diverted it was returned into the bed of the creek above the head of plaintiffs' ditch. To this evidence defendants objected, and the objection was sustained, and plaintiffs excepted ; some other exceptions were also taken by plaintiffs to the exclusion of evidence relating to the same point. The jury found a general verdict for defendants.

Plaintiffs moved for a new trial, which was refused ; and from the order refusing a new trial and from the judgment they now appeal, assigning as error the ruling of the Court in excluding their testimony as above stated.

*Tod Robinson,* for Appellants.

*Thos. Sunderland,* for Respondents.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

The complaint alleges that the plaintiffs are entitled to the use of the water of a stream called " Cayote creek," and that the defendants are diverting the same to their damage. The answer sets up a prior right in the defendants, and justifies the diversion on the

ground of the superiority of their claim to the water, alleging also that the water they are charged with diverting is not the natural water of the stream.   On the trial of the case the Court submitted to the jury certain instructions, and directed a general verdict in case their decision should turn upon the question of priority.   The result was a general verdict in favor of the defendants, and the necessary inference is that the jury acted upon the direction of the Court and based their decision on the ground of priority.   The error assigned relates to the rejection of evidence having no bearing on this point, and whether the evidence was admissible or not is an immaterial question.

The judgment is affirmed.